IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-MJ-07009-MEH

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**DAVID JIMENEZ,**

       Defendant.

---

**MOTION FOR FORTHWITH STAY OF EXECUTION OF
SENTENCE PENDING APPEAL**

---

Defendant, David Jimenez, by counsel Paula M. Ray, pursuant to 18 U.S.C. §§ 3141(b) and 3143, FED. R. CRIM. P. 38 and 58(g)(3) and FED. R. APP. R. 8, moves to stay execution of the Judgment in a Criminal Case [Doc. No. 60] pending appeal and self-surrender on December 2, 2016, as follows:

    1.    Mr. Jimenez was sentenced November 9, 2016. [Doc. No. 58] The Judgment in a Criminal Case entered November 16, 2016. The Judgment orders him to self-surrender, before 12 p.m. on December 2, 2016, to the United States Marshal in Denver, Colorado. [Doc. No. 60] A Notice of Appeal was filed November 28, 2016. [Doc. No. 63]

    2.    18 U.S.C. § 3141(b) provides for stay of execution of a sentence. 18 U.S.C. § 3143(b) allows for stay of execution of a sentence where the defendant can first prove, by clear and convincing evidence, that he is not likely to flee or pose a

danger to the safety of another person or the community in general if he is released. *See* 18 U.S.C. § 3143(b)(1)(A). And next, he must prove that the appeal is not entered for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment. *See* 18 U.S.C. § 3143(b)(1)(B).

3. Under FED. R. CRIM. P. 58(g)(3), FED. R. OF CRIM. P. 38 applies to a stay of judgment of conviction or sentence. This court may release the defendant pending appeal under the law relating to release pending appeal. Under FED. R. APP. R. 8, a party must first move in the lower court for a stay of the judgment pending appeal.

4. Here, there is no evidence that Mr. Jimenez will flee the jurisdiction or abscond from prosecution. He appeared at all hearings after his first appearance. There is no evidence that he is a danger to the community or to a particular person. The evidence at trial was that he was stopped for identification before entering Fort Carson. There was no evidence of alcohol use during the stop.

5. The probation department doesn't believe Mr. Jimenez is a flight risk or that he will fail to self-surrender to the Marshal if and when he is directed to serve a sentence of imprisonment. *See* Presentence Report [Doc. No. 57].

6. The appeal is not frivolous. It is based on this court's rulings on the destruction of evidence by the government; the finding, as a matter of law, that the entryway at Fort Carson is a public highway; and that the jury instructions were not a correct reading of Colorado law.

7. The equities support the stay of execution. *See United States v. Fisher,* 55 F.d 481, 486. (10th Cir. 1995). Where a forthwith determination to stay execution of

a sentence thwarts the policy behind Rule 38 and 18 U.S.C. § 3143, and renders the right to apply for release pending appeal meaningless and frustrates the intended purpose of the statute, the sentencing court abuses its discretion in denying the requested relief.  *Id.* 55 F.3d at 487.

    For the above-stated reasons, Mr. Jimenez respectfully requests that the sentence be stayed pending the appeal of this case to the District Court.

    DATED this 29th day of November, 2016.

                                Respectfully submitted

                                s/ Paula M. Ray
                                Paula M. Ray, P.C.
                                P.O. Box 12554
                                Denver, CO  80212-0554
                                Telephone:  (303) 874-5170
                                Email: paulamray@earthlink.net

CERTIFICATE OF SERVICE

    I hereby certify that on this 29th day of November, 2016, I served a copy of the foregoing via CM/ECF on all interested parties.

                                      s/ Paula M. Ray
                                      Law Office of Paula M. Ray, P.C.