IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-mj-07009-MEH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DAVID JIMENEZ,

      Defendant.

_____

**ORDER**

_____

Before the Court is Defendant's Motion for Forthwith Stay of Execution of Sentence Pending

Appeal [filed November 29, 2016; ECF No. 64].  For the following reasons, Defendant's Motion

is granted.

**I.      Background**

On September 9, 2016, Defendant was found guilty of Driving Under Restraint (Alcohol

Related) under the Assimilated Crimes Act and Colo. Rev. Stat. § 42-2-138(1)(d). ECF No. 51.  The

Court issued its Judgment on November 16, 2016, which sentenced Defendant to an imprisonment

term of twelve (12) months with eight (8) months suspended.  ECF No. 60.  The Judgment requires

Defendant to surrender himself to the United States Marshals Service before 12 p.m. on December

2, 2016.  *Id.*

On November 28, 2016, Defendant filed a timely notice of appeal pursuant to Fed. R. Crim.

P. 58(g)(2). ECF No. 63.  The next day, Defendant filed the present Motion, seeking a stay of his

sentence pending his appeal.  Def.'s Mot., ECF No. 64.  Defendant argues a stay is proper under 18

U.S.C. § 3143(b), because there is no evidence that Defendant will flee the jurisdiction and the

appeal is not frivolous.  Def.'s Mot. ¶¶ 4–6.

## II.     Analysis

Fed. R. Crim. P. 58(g)(3) permits a court to stay a judgment of conviction or sentence

pending appeal from a magistrate judge's judgment under "the law relating to release pending appeal

from a district court to a court of appeals."  Under 18 U.S.C. § 3143(b), a prisoner may not be

released pending appeal unless the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a
> danger to the safety of any other person or the community if released under section
> 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question
> of law or fact likely to result in--
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the
> > time already served plus the expected duration of the appeal process.

Whether to grant a stay of imprisonment under Section 3143(b) "rests in the trial court's discretion."

*United States v. Baca*, 444 F.2d 1292, 1296 (10th Cir. 1971).

Here, the Court exercises its discretion to stay the execution of Defendant's sentence pending

appeal.  First, Defendant is not likely to flee or pose a danger to the safety of others.  If the Court

believed Defendant were likely to flee, it would have remanded him to the immediate custody of the

United States Marshals Service at sentencing.  Moreover, Defendant resides with his family in

Denver and owns a small business that operates solely in Colorado.  *See* Presentence Report, ECF

No. 56, at 13–15.

Regarding the second finding, if the district court grants Defendant's appeal, it would likely

result in reversal or an order for a new trial.  Defendant's appeal is based on this Court's ruling on

the destruction of evidence by the government and the Court's finding as a matter of law that the entryway at Fort Carson is a "public highway." Def.'s Mot. ¶ 6. Because driving on a "public highway" is a necessary element of the offense and the government's evidence at trial pertained only to whether Defendant drove on the road leading up to Fort Carson, a finding that the road is not a public highway would likely result in a new trial. Therefore, the appeal raises a substantial question of law that, if determined adversely to the govenrment, would likely result in reversal or an order for a new trial.

Moreover, in cases such as this, where the total term of confinement is shorter than the time it will likely take to decide the appeal, a stay is appropriate. *See United States v. LaGiglio*, 384 F.3d 925, 926 (7th Cir. 2004) (holding that 18 U.S.C. § 3143(b) permits a district court to release a defendant pending appeal if the district court "sentence[s] the defendant to a term of imprisonment shorter than the time the defendant is expected to serve pending appeal"). Because Defendant would likely serve his entire four month term of imprisonment while his appeal is pending, the Court finds that a stay of Defendant's sentence is proper.

Therefore, Defendant's Motion for Forthwith Stay of Execution of Sentence Pending Appeal [filed November 29, 2016; ECF No. 64] is **granted**. The Court stays Defendant's sentence pending the resolution of his appeal to a district judge.

Dated this 30th day of November, 2016 in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge